IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Criminal No. 16-0291** |
| | | **Civil No. 20-2258** |
| **AL SAMUEL LAWSON** | * | |
| **Defendant** | * | |

\*\*\*

## MEMORANDUM AND ORDER

Now pending is the Defendant's MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF No. 180). The Government has responded (ECF No. 182) and the Defendant has replied (ECF No. 186). The Court has carefully reviewed the submissions as well as the full record in the case. The Motion will be DENIED.

First, the Motion is not timely. It arrived at the Court well after the one-year deadline set out in 28 U.S.C. §2255(f). The Defendant asks for "equitable tolling," but he makes an insufficient case. He fails to submit sufficient detail in his suggestion that COVID-19-related operational issues at his assigned detention facility so substantially interfered with his ability to prepare his submission as to justify invocation of the equitable tolling doctrine. The Defendant generally alleges some impairment in his ability to access the law library, but he does not say that he was foreclosed entirely. Further, his petition is substantially late, not just by a week or two. He has failed to carry his burden justifying equitable tolling.

Turning to the substance of the claim of ineffective assistance, it is without merit. The Defendant's reliance on *Riley v. California*, 573 U.S. 373 (2014) is completely misplaced. Further, his lawyer vigorously litigated motions to suppress and otherwise represented the Defendant in a

manner and to a degree well above the standard set in *Strickland v. Washington*, 466 U.S. 668 (1984)

Finally, there is nothing in the twists and turns that this case followed before there was a guilty plea that suggests a hint of prosecutorial misconduct. Not a whiff.

In passing, the Court notes the Defendant's ineffective assistance claim with respect to advice about appealing. The Defendant clearly and unequivocally waived his right to appeal, and this on a record showing that he was fully informed before doing so, and that he was competent. He has no ground for relief on this issue.

For all of these reasons, the Defendant's Motion (ECF No. 180) is DENIED.

Dated this __2__ day of December, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge