IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-16-0291 |
| AL SAMUEL LAWSON, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Al Lawson's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Amendment 821. (ECF No. 190.) For the following reasons, the Motion will be denied.

### I. Factual and Procedural History

Lawson pleaded guilty to a one-count Superseding Information that charged him with Sex Trafficking of a Minor. (ECF No. 115.) As the Government summarized the Plea Agreement's Statement of Facts:

> [I]n February 2016, the Federal Bureau of Investigation's (FBI) Child Exploitation Task Force conducted a proactive operation in search of minors engaged in prostitution. Following a lead from identified adults engaged in prostitution, undercover agents contacted an adult female prostitute known to be working with a minor female, set a place and date for the claimed purpose of prostitution, observed this adult with a 15-year-old girl, and performed a sting operation. Agents arrested the adult woman and then approached the 15-year-old girl. The young girl admitted that she had been prostituting herself for roughly one month at the direction of Lawson. Law enforcement then identified other individuals who were prostituting themselves on behalf of the defendant, including another minor who started prostitution work at the age of 15 at the defendant's direction. Both minors reported that they gave money received from prostitution to the defendant, and that he knew their real ages. The defendant also posted some of the internet prostitution ads for the minor girls and other women.

(ECF No. 196 at 1–2 (citing ECF No. 115).) Lawson was sentenced to 168 months' imprisonment. (ECF No. 153.)

## II.    Analysis

Lawson moves for a sentence reduction under 18 U.S.C. § 3852(c)(2) (pursuant to Amendment 821) and § 3852(c)(1)(A). For the reasons that follow, the Court finds that a reduction in his sentence is not warranted, and his Motion will be denied.

### A.    Amendment 821

In considering a motion for a sentence reduction under § 3582(c)(2), the Court follows a two-step approach. The Court first must determine whether Lawson is eligible for a sentence reduction. *Dillon v. United States*, 560 U.S. 817, 827 (2010). The Court then "consider[s] any applicable [18 U.S.C.] § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Lawson fails at step one because he is not eligible for a sentence reduction under Amendment 821. Amendment 821, which was given retroactive effect, is a multi-part amendment. Part A limits the criminal history impact of "status points." Specifically, a defendant's status points are decreased by one point if he had seven or more criminal history points, and his status points are eliminated if he had six or fewer criminal history points when sentenced. The Court has reviewed Lawson's Presentence Report ("PSR"). (ECF No. 140.) It indicates that he received a criminal history score of four, and that he received two additional status points because he "committed the instant offense while under a criminal justice sentence." (*Id.* ¶¶ 49–50.) Thus, his total criminal history score was six, which established a criminal history category of III. (*Id.* ¶ 51.) However, even without the two status points (and thus with a criminal history score of four), Lawson would still have a criminal history category of III. He therefore may not avail himself of Amendment 821 to receive a reduction in his sentence.

Moreover, even if Mr. Lawson were eligible for a sentence reduction, as discussed in more detail below, the Court finds that the § 3553(a) factors do not favor his release.

### B. Compassionate Release

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and internal quotation marks omitted).

#### i. Extraordinary and Compelling Reasons

Lawson argues that the Court should find that he has established extraordinary and compelling reasons warranting his release. The Court concludes that he has not established any extraordinary and compelling reason warranting his release.

While the Court commends the strides that Lawson has made in terms of rehabilitation—such as completing numerous rehabilitative programs, maintaining employment, and his representation that he has changed for the better—this is not sufficient to amount to a compelling and extraordinary reason warranting his release. *See, e.g.*, *United States v. McGurk*, Crim. No. 02-00190-FDW, 2023 WL 4939385, at *4 (W.D.N.C. Aug. 2, 2023) ("Defendant's record of rehabilitation, verified release plan, and family support do not establish extraordinary and compelling reasons supporting a sentence reduction.").

With respect to his health, Lawson explains that he continues to be at risk of contracting COVID-19, and that his health conditions (including breathing issues, high blood pressure, and sleep apnea) place him at high risk. (ECF No. 190 at 5–6.) The Court concludes that Lawson's

health conditions do not present an extraordinary and compelling reason warranting his release. *See, e.g.*, *United States v. Jones*, Crim. No. JKB-18-0470, 2023 WL 1444894, at *2 (D. Md. Feb. 1, 2023) ("Even assuming that [the defendant's] preexisting conditions put him at higher risk of serious COVID-19 infection, at this stage of the pandemic, and particularly in light of the widespread availability of vaccines, they would be insufficient to establish an extraordinary and compelling ground for relief.").

Lawson also explains that his "medical conditions require treatment from outside medical providers because the BOP cannot provide the procedures and monitoring required to provide consistent and thorough management of his conditions." (ECF No. 190 at 7.) He notes that "[t]here have been many incidents wherein [he] has not been provided adequate medical care and other times where his request[s] for adequate medical care have been ignored [al]together by the FBOP." (*Id.* at 8.) Lawson does not provide any examples of his requests being ignored, nor any detail regarding the ways in which the BOP is unable to provide adequate care. And indeed, the medical records provided by the Government reflect that Lawson has received regular medical care while incarcerated. (*See* ECF Nos. 198-2, 198-3 (medical records reflecting regular care, including for those conditions to which Lawson refers).) The Court therefore concludes that he has not established that this qualifies as an extraordinary and compelling reason warranting his release.

Lawson also references the "living conditions" that he "has been under as a result of the COVID-19 pandemic that has devastated the FBOP." (ECF No. 190 at 10.) He references findings by other courts that there have been "onerous lockdowns and restrictions imposed by correctional facilities attempting to control the spread of this virus." (*Id.* at 10–11.) However, he again does not provide sufficient detail regarding his living conditions, and instead generally references

findings by courts regarding prison conditions. This is insufficient to establish extraordinary and compelling reasons warranting release here.

He also explains that "[a] term of 14 years with 4 more years remaining for a 37-year-old man is an unusually long sentence given all the facts in this case." (*Id.* at 12.) However, this also does not establish an extraordinary and compelling reason warranting release. In fact, the record reflects that the sentence he received is not unusually long, given the guidelines range applicable to this case. (*See* ECF No. 140 (Presentence Report reflecting a guidelines range of 360 months to life for an offense level of 41 and a criminal history category of III).)

### ii. 18 U.S.C. § 3553(a) Factors

Section 3553(a) provides that a court shall consider various factors in imposing a sentence, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentence and the sentencing range; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Lawson further argues that his sentence of 168 months is longer than necessary to achieve the objectives of § 3553(a). However, the Court concludes that Lawson's sentence continues to be sufficient but not greater than necessary to achieve the objectives of § 3553(a).

As the Court explained in sentencing Lawson, "this crime is one that, in the Court's view, undoubtedly causes long-term, enduring harm to the victims, and probably has consequences that medical and psychiatric science are really unable to completely uncover and detail because of the injuries being so profound to the psyche of those who are involved in it." (ECF No. 174 at 19.)

The Court also found that Lawson's crime was "the sort of offense that debases children" and that "debases [] society." (*Id.* at 20.) The Court also found that there was a need for specific and general deterrence, and to protect the public. (*Id.*) Further, the Court considered the need to avoid unwarranted sentencing disparities. (*Id.* at 20–21 (explaining that "I think that the lawyers have appropriately focused on sentences that have been imposed on other defendants in somewhat similar cases" and referencing two other cases).) The Court also took into account the sentencing guidelines, which provided for a sentence of 360 months to life. (*Id.* at 21.) In balancing these factors, the Court concluded that a downward variance, to a sentence of 168 months, was appropriate.

Nothing in Lawson's submission causes the Court to find that it should consider the § 3553(a) factors differently now. The Court continues to find that such factors support a 168-month sentence.

### III.    Conclusion

Accordingly, it is ORDERED that Lawson's Motion (ECF No. 190) is DENIED.

DATED this __21__ day of January, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge